## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**GABRIEL BECERRA,**

     **Plaintiff,**

**v.**                              **No. 1:20-cv-01260 KK/GJF**

**THE CITY OF ALBUQUERQUE, et al.**

     **Defendants**

### CITY DEFENDANTS' MOTION TO DISMISS

COME NOW Defendants the City of Albuquerque, Albuquerque Police Officers David Henry and Wayne McCumber, Civilian Police Oversight Agency Investigator Erin Oneal, Civilian Police Oversight Agency Executive Director Edward Harness, Esq., and Albuquerque Chief Administrator Officer Sarita Nair (hereafter "City Defendants"), by and through their counsel, the Law Office of Jonlyn M. Martinez, LLC,  and hereby move this Honorable Court to dismiss with prejudice the Plaintiff's Complaint to Recover Damages for Deprivation of Civil Rights (hereafter "Plaintiff's Complaint") because it fails to state a claim for which relief can be granted.

The Plaintiff has brought this action *pro se*. Due to the nature of this Motion, it is deemed opposed.

WHEREFORE, the City Defendants pray that this Honorable Court dismiss the Plaintiff's Complaint with prejudice, and for such other relief as is deemed appropriate.

In support of said Motion, the City Defendants state as follows:

## BACKGROUND

The Plaintiff's Complaint appears to arise from a dispute the Plaintiff has with his neighbor concerning the neighbor's barking dog. ***See Plaintiff's Complaint***, at ¶ 15.  Thereafter, it appears that while the Plaintiff was out of town, and this neighbor complained about noise coming from the Plaintiff's residence. ***Id***., at ¶ 20. Officers David  Henry and Wayne McCumber investigated the neighbor's complaints on December 6, 2018, and made purportedly made a warrantless seizure of the Plaintiff's truck license plate. ***Id***., at ¶¶'s  34 and 37. The Plaintiff makes an unsupported allegation that he was purportedly arrested on December 6, 2018,[1] but then admits that he received a summons in the mail on December 20, 2018. ***Id***., at ¶¶'s  38 and 41.

The Plaintiff then claims that on or about December 28, 2018, he asked APD to look into the Plaintiff's complaints. ***Id***., at ¶ 44. The Plaintiff then filed a complaint with the CPOA and an investigation was conducted. ***Id***., at ¶¶'s  47 and 48.  The Plaintiff claims that Executive Director Harness denied that APD Officers engaged in wrongful actions and refused to hold APD and its employees accountable for the alleged actions taken against the Plaintiffs. ***Id***., at ¶ 49. On May 9, 2019, the Plaintiff then appealed this decision to Sarita Nair, the City Chief Administrator (*sic*) Officer. ***Id***., at ¶ 50. On May 18, 2019, City Chief of Police Geier allegedly responded stating he was in agreement with the findings of Executive Director  Harness. ***Id***., at ¶ 51. On June 12, 2020, Executive Director  Harness denied the Plaintiff's appeal. ***Id***., at ¶ 53. Defendant Nair has failed to respond to the Plaintiff's request for an additional review. ***Id***., at ¶ 54.

---

[1] The Plaintiff admits that he was away from his residence on  December 6, 2020, and therefore could not have been arrested by the Defendants on that date. ***See Plaintiff's Complaint***, at ¶¶'s 34 and 43.

The Plaintiff's Complaint contains three counts, Count I for alleged Illegal Search and Seizure, Count II for Municipal Liability and Violation of Due Process,  and Count III for False Arrest.

## POINTS AND AUTHORITIES

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), it has long been held that dismissal is appropriate "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir.) (internal quotations omitted), *cert. den*. 118 S.Ct. 55 (1997).  Conclusory allegations are not "well-pleaded," and thus are not taken as true for purposes of a Motion to Dismiss. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id*. A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

As the Tenth Circuit explained, "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."

*Robbins, supra*, 519 F.3d at 1248.  Based on the facts alleged in the Plaintiff's Complaint, the Plaintiff has failed to state a claim for which relief can be granted as to the City Defendants.

### A.  Plaintiff's Claim for the alleged Illegal Search and Seizure in Count I Fails.

At the outset, the Plaintiff's Complaint contains no well-pled factual allegations that would entitle him to relief in this matter. The Plaintiff appears to allege that his Fourth Amendment right was violated when Defendants Henry and McCumber obtained the license plate number from his Ford Ranger that was backed up on his driveway in close proximity to the Plaintiff's garage. *See Plaintiff's Complaint*, at ¶ 61.  The Plaintiff claims that Defendants Henry and McCumber trespassed on his property in violation of his Fourth Amendment right. *Id*., at ¶ 54. Therefore, this Count appears to be brought against Defendants Henry and McCumber only.

The United States Supreme Court has stated that "the ability visually to observe an area protected by the Fourth Amendment does not give officers the green light to physically intrude on it." *Collins v. Virginia*, 138 S. Ct. 1663, 1673 n.3, 201 L. Ed. 2d 9 (2018). "While law enforcement officers need not shield their eyes when passing by the home on public thoroughfares, . . . an officer's leave to gather information is sharply circumscribed when he steps off those thoroughfares and enters the Fourth Amendment's protected areas." *Florida v. Jardines*, 569 U.S. 1, 7, 133 S. Ct. 1409 (2013). The Supreme Court has reiterated that the area "immediately surrounding and associated with the home— what our cases call the curtilage—" is regarded "as part of the home itself for Fourth Amendment purposes." *Jardines*, 569 U.S. at 6. Thus, in *Jardines*, the United States Supreme Court held that a homes' front porch is the classic exemplar of an area adjacent to the home and "to which the activity of home life extends." *Jardines*, 569 U.S. at 6, quoting *Oliver v. United States*, 466 U.S. 170, 182, n. 12, 104 S. Ct.

1735 (1984).  The United States Supreme Court has also held that an enclosed driveway

constitutes "an area adjacent to the home and 'to which the activity of home life extends,'" and

so is properly considered curtilage. *Collins v. Virginia*, 138 S. Ct. 1663, 1671 (2018), quoting

*Jardines*, at 7, 133 S. Ct. 1409. In the present case, the Plaintiff has not alleged that his driveway

is enclosed or that any portion of it is not visible from the roadway. Therefore, at no time did

Defendants Henry and McCumber violate the Plaintiff's Fourth Amendment right.

In *United States v. Dunn*, 480 U.S. 294, 107 S. Ct. 1134, 94 L. Ed. 2d 326 (1987), the

United States Supreme Court held that "Curtilage questions should be resolved with particular

reference to four factors": 1) the proximity of the area claimed to be curtilage to the home, 2)

whether the area is included within an enclosure surrounding the home, 3) the nature of the uses

to which the area is put, and 4) the steps taken by the resident to protect the area from

observation by people passing by.

Applying these factors to the present case reveals that the Plaintiff's driveway is not

curtilage that is protected by the Fourth Amendment. The area at issue is the Plaintiff's

driveway, is adjacent to the roadway. The Plaintiff has not alleged, nor could he, that any portion

of his driveway is enclosed. The Plaintiff has not alleged, nor could he, that the driveway is not

visible from the roadway in front of the Plaintiff's residence. The Plaintiff has made no

allegations concerning the manner in which he uses his driveway nor has he indicated any steps

he took to protect the area from observation from people passing by. Moreover, a police officer

not armed with a warrant may approach a home and knock, precisely because that is "no more

than any private citizen might do." *Jardines*, at 8, 133 S. Ct. 1409 quoting *Kentucky* **v.** *King*,

563 U.S. 452, 469, 131 S. Ct. 1849, 179 L. Ed. 2d 865, 881 (2011). Thus, the Plaintiff has no

expectation of privacy in his license plate which would be seen by anyone walking to the front

door of the Plaintiff's residence. Based on the foregoing, the Plaintiff cannot establish his claim

in Count I and it is subject to dismissal in this matter. In addition, as will be more fully discussed

below, Defendants Henry and McCumber are entitled to qualified immunity.

### B. Plaintiff's Claim for Municipal Liability and Violation of Due Process In Count II Fails.

In the present case, it is difficult to discern the Plaintiff's claim in Count II of his

Complaint. The Plaintiff alleges that Defendants utilization of unreasonably obtained

information to arbitrarily and wrongfully identify Plaintiff as the alleged suspect was in essence a

forced identification process upon Plaintiff when there was no positive identification made or

positive identity established of any alleged suspect between the dates of December 4, 2018,

December 5, 2018 and December 6, 2018 by any alleged accuser thereby depriving Plaintiff his

due process rights. *See Plaintiff's Complaint*, at ¶ 74.  The Plaintiff then claims that the

Defendants have ignored procedural and substantive Due Process requirements in an unlawful

campaign to harass, punish and bully private citizens who they suspect of minor criminal

activities despite a laughable absence of probable cause and evidence. *Id*., at ¶ 75.

The Fourteenth Amendment's Due Process Clause provides that "no State shall . . .

deprive any person of life, liberty, or property without due process of law." U.S. Const. amend.

XIV, § 1.  In general, state actors may be held liable under § 1983 only for their own affirmative

acts that violate a plaintiff's due process rights and not for third parties' acts. *J. H. v. Nation*, 61

F. Supp. 3d 1176, 1202 (D.N.M. 2015, citing *Robbins v. Oklahoma*, 519 F.3d at 1251

(citing *DeShaney v. Winnebago Cnty*., 489 U.S. 189, 197, 109 S. Ct. 998, 103 L. Ed. 2d 249

(1987)). " A plaintiff bringing a claim for an alleged violation of this substantive due process

rights under the Fourteenth Amendment must do more than show that the government actor

intentionally or recklessly caused injury to the plaintiff by abusing or misusing government

power. *Id*., citing *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1222 (10th Cir. 2006)

(quoting *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006)(internal quotation marks

omitted)). "The plaintiff must demonstrate a degree of outrageousness and a magnitude of

potential or actual harm that is truly conscience shocking." *Id*., quoting  *Camuglia v. City of*

*Albuquerque*, 448 F.3d at 1222-23 (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir.

1995))(internal quotation marks omitted).

> "Whether the conduct shocks the conscience is an objective test, based on the
> circumstances, rather than a subjective test based on the government actor's
> knowledge." *Peña v. Greffet*, 922 F. Supp. 2d at 1227 (citing *James v. Chavez*,
> 830 F. Supp. 2d 1208, 1276 (D.N.M. 2011)(Browning, J.), aff'd, 511 F. App'x 742
> (10th Cir. 2013)(finding that the use of deadly force did not shock the conscience
> even if the suspect did not have an intent to harm the officer, because the officer
> "had sufficient facts before him to conclude that there was a threat of serious
> physical harm" and the "courts must evaluate a [government actor's] conduct
> objectively")).

*J. H. v. Nation*, 61 F. Supp. 3d 1176, 1204 (D.N.M. 2015). There is nothing about the Plaintiff's

allegations that shock the conscience. Therefore, to the extent the Plaintiff has brought a claim

for an alleged substantive due process violation, it fails.

> To the extent this claim is simply a claim of an alleged procedural due process violation,

"[u]nder the Fourteenth Amendment, procedural due process requires notice and a pre-

deprivation hearing before property interests are negatively affected by governmental

actors." *Marcus  v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004). In the present case, the

Plaintiff has failed to allege any process he was entitled to that he was not provided. In addition,

the Plaintiff has not alleged that he was deprived of any property interest in this matter.

Therefore, any claim for an alleged violation of the Plaintiff's right to procedural due process

fails.

> Finally, pursuant to *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807 (1994), "[w]here a

particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment . . . must be the guide for analyzing these claims.'" *Id*. at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). Thus, no § 1983 claim will arise from filing criminal charges without probable cause under the substantive  due process protections of the Fourteenth Amendment. *Becker v. Kroll*, 494 F.3d 904, 919 (10th Cir. 2007). Further, the Tenth Circuit has determined that *Albright's* reasoning regarding substantive due process is equally persuasive with regard to the Fourteenth Amendment's procedural component. *Id*. Based on the foregoing, Count II must be dismissed for its failure to state a claim for which relief can be granted.

### C. Plaintiff's Claim for False Arrest in Count III Fails.

The Tenth Circuit has explained that  a false arrest or imprisonment claim is appropriate when a person has been imprisoned without legal process. *Griego v. City of Albuquerque*, No. CIV 13-0929 JB/KBM, 2015 U.S. Dist. LEXIS 162696, at *54 (D.N.M. Oct. 20, 2015), citing *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). The Plaintiff has not alleged, not could he, that he was taken into custody by any of the City Defendants at any time. Thus, the Plaintiff was never arrested and Count III fails to state a claim for which relief can be granted.

"Under New Mexico law, 'false imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so.'" *Romero v. Sanchez*, 1995-NMSC-028, ¶ 13, 895 P.2d 212, 215, 119 N.M. 690 (quoting NMSA 1978, § 30-4-3).  Again, the Plaintiff in this case was never taken into custody by any of the City Defendants. Therefore, he was never restrained. Consequently, to the extent the Plaintiff has brought this claim under the New Mexico Tort Claims Act, it fails to state

a claim for which relief can be granted.

**D. The Individually Named Defendants Are Entitled to Qualified Immunity**.

The doctrine of qualified immunity shields officials from civil liability so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" ***Mullenix v. Luna***, 136 S. Ct. 305, 308 (2015), ***quoting Pearson v. Callahan***, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (***quoting Harlow v. Fitzgerald***, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." ***Id***., ***quoting Reichle v. Howards***, 566 U.S. 658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985, 989 (2012) (internal quotation marks and alteration omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." ***Id***., ***quoting Ashcroft v. al-Kidd***, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." ***Id***., ***quoting Malley v. Briggs***, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

Qualified immunity is designed to prevent the "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." ***Harlow, supra,*** 457 U.S., at 816, 102 S.Ct., at 2737. Specifically, the policy underpinnings of this doctrine involve "strik[ing] a balance 'between the need, on one hand, to hold responsible public officials exercising their power in a wholly unjustified manner and, on the other hand, to shield officials responsibly attempting to perform their public duties in good faith from having to explain their actions to the satisfaction of a jury.' " ***Locurto v. Safir,*** 264 F.3d 154, 162-63 (2d Cir.2001) (***quoting Kaminsky v. Rosenblum,*** 929 F.2d 922, 924-25 (2d

Cir.1991)). The doctrine recognizes that officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

The presumption in favor of finding qualified immunity is necessarily high, protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Where "officers of reasonable competence could disagree on th[e] issue, immunity should be recognized." *Id.* Simply stated, qualified immunity ensures "that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier v. Katz,* 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Where qualified immunity is raised as a defense to a claim under Section 1983, it is plaintiff's burden to point to particular facts that overcome same. *See Mitchell v. Forysthe, supra,* 472 U.S. at 526. Plaintiff's burden has been described by the Tenth Circuit as a "heavy two-part burden", entailing first a showing that defendant's actions violated a constitutional right, and second, that those rights were clearly established at the time of the conduct at issue. *Albright v. Rodriquez,* 51 F.3d 1531, 1534 (10th Cir. 1995).

The Tenth Circuit has held that:

> [P]laintiff must do more than identify a clearly established legal test and then allege that the defendant has violated it. The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. The 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'

*Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir. 1990) *(quoting Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority

from other courts shows that the right must be as plaintiff maintains. *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir.2002).

The City Defendants submit that there are no well-pled factual allegations which establish that any of them violated the Plaintiff's constitutional rights in this matter. In addition, the County Defendants were unable to locate a case which would establish that the City Defendant's alleged conduct violated clearly established law. Therefore, based on the foregoing, the individually named City Defendants are entitled to qualified immunity in this matter.

**CONCLUSION**

For all the foregoing reasons, the City Defendants submit that the Plaintiff's Complaint should be dismissed with prejudice, and the City Defendants should be dismissed from this litigation, and for such further relief as this Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By */s/ Jonlyn M. Martinez*
        JONLYN M. MARTINEZ
        Attorneys for City Defendants
        P.O. Box 1805
        Albuquerque, NM  87103-1805
        (505) 247-9488

I HEREBY CERTIFY that a true copy
of the foregoing was sent via CM/ECF
to all counsel of record on January 14, 2021
and sent via U.S. Mail to:

Plaintiff, *pro se*
928 Crane Dr SW
Albuquerque, NM 87121


        /s/