IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL BECERRA,

    Plaintiff,

vs.                                                                 Civ. No. 20-1260 KG/GJF

THE CITY OF ALBUQUERQUE, et al.,

    Defendants.

## ORDER

This matter comes before the Court upon (1) "Plaintiff's Objection to All Defendants and Their Counsels of Record Judge Shopping" (Objection to Judge Shopping), filed February 17, 2021; and (2) "Plaintiff's Objections to Defendants [sic] Notice/Reply of Joinder" (Objections to Joinder), filed March 15, 2021. *See* (Docs. 29 and 51). The Court notes that Plaintiff is proceeding *pro se*.[1]

On February 19, 2021, Defendant Albuquerque Police Chief Mike Geier responded to Plaintiff's Objection to Judge Shopping. (Doc. 35). On March 2, 2021, Plaintiff filed a reply to the response. (Doc. 40). Then, the next day, March 3, 2021, the remaining Defendants (City Defendants) filed a notice to join in Defendant Geier's response to Plaintiff's Objection to Judge Shopping. (Doc. 43). On March 15, 2021, Plaintiff filed his objections to that notice of joinder. (Doc. 51).

---

[1] The Court acknowledges that it must liberally construe the filings of a *pro se* litigant and hold that litigant "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Moreover, the Court does not "assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

The Objection to Judge Shopping and the Objections to Joinder are now fully briefed. Having considered the briefing and for the following reasons, the Court overrules both the Objection to Judge Shopping and the Objections to Joinder.

I. *Objection to Judge Shopping*

On January 15, 2021, the Court reminded the parties that a Magistrate Judge was assigned as the trial judge and that the Clerk will reassign the matter to a District Judge as the trial judge "unless consents from all parties have been filed" to allow the Magistrate Judge to preside as the trial judge. (Doc. 15); *see also* Fed. R. Civ. P. 73(a) ("When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial."); D.N.M. LR-Cv 73.2(a) ("By consent of all parties, the assigned pre-trial Magistrate Judge may preside over any dispositive matter, including trial."). The Court further stated that "[t]he parties are free to withhold consent." (Doc. 15).

Plaintiff submitted his consent to have the Magistrate Judge serve as the trial judge but Defendants did not so consent. *See* (Doc. 27); *see also* D.N.M. LR-Cv 73.1(c) ("A party's failure to timely indicate consent will be considered that party's refusal of consent to proceed before the assigned trial Magistrate Judge."). Consequently, on February 8, 2021, the case was reassigned to me as the presiding trial judge. *See* (Doc. 26).

Plaintiff now objects to Defendants' non-consent as a delay tactic. Plaintiff, however, does not cite any law that places conditions or restrictions on a party's right to decline to consent to a Magistrate Judge as the trial judge. Without any such legal authority to support his objection, the Court overrules Plaintiff's Objection to Judge Shopping. *See* D.N.M. LR-Cv

7.3(a) ("A motion, response, or reply must cite authority in support of the legal positions advanced.").

## II. Objections to Joinder

Plaintiff asks the Court to reject City Defendants' joinder in Defendant Geier's response to the Objection to Judge Shopping because it is untimely. Again, Plaintiff fails to cite any legal authority that sets a time deadline for filing a joinder to a response. Nonetheless, regardless of whether the Court disregards the joinder as Plaintiff requests, the Court will deny the Objection to Judge Shopping for the reason described above. Given the Court's ruling on the Objection to Judge Shopping, the Court overrules the Objections to Joinder as moot.

IT IS ORDERED that

1. Plaintiff's Objection to All Defendants and Their Counsels of Record Judge Shopping (Doc. 29) is overruled; and

2. Plaintiff's Objections to Defendants [sic] Notice/Reply of Joinder (Doc. 51) is overruled.

_____
UNITED STATES DISTRICT JUDGE