IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL BECERRA,

    Plaintiff,

vs.                                            Civ. No. 20-1260 KG/GJF

THE CITY OF ALBUQUERQUE, et al.,

    Defendants.

## ORDER MODIFYING STAY

This matter comes before the Court upon *pro se* "Plaintiff's Motion and Memorandum to Lift Defendants' Stay of Proceedings" (Motion to Lift Stay), filed April 16, 2021.[1] (Doc. 58). The Motion to Stay is now fully and timely briefed.[2] *See* (Docs. 59, 60, 66-68). Having considered the Motion to Lift Stay, the briefing, the controlling law, and for the following reasons, the Court grants the Motion to Lift Stay in part.

## I. Background

This is a civil rights lawsuit brought under 42 U.S.C. § 1983 against the City of Albuquerque and individual City of Albuquerque officials. On January 14, 2021, the City of Albuquerque and City of Albuquerque officials, with the exception of Albuquerque Police Chief

---

[1] The Court acknowledges that it must liberally construe the filings of a *pro se* litigant and hold that litigant "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Moreover, the Court does not "assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

[2] Plaintiff also filed "Plaintiff's Objections to Defendants [sic] Joint Motion to Stay of Proceedings" (Objections to Joint Motion to Stay) on March 15, 2021. (Doc. 51). Defendants did not respond to Plaintiff's Objections to Joint Motion to Stay because of the stay. *See* (Docs. 54 and 57). The Court assumes that the later filed Motion to Lift Stay supersedes the Objections to Joint Motion to Stay.

Mike Geier, (City Defendants) filed a motion to dismiss raising the defense of qualified immunity on behalf of the individual Defendants. *See* (Doc. 14). On January 25, 2021, Plaintiff filed an "Amended Complaint to Recovery Damages for Deprivation of Civil Rights" (Amended Complaint), which, like the original complaint, brings Section 1983 claims.[3] *See* (Doc. 21). Then, on February 19, 2021, Defendant Geier filed a motion to dismiss in which he also raises the defense of qualified immunity. *See* (Doc. 36). On February 26, 2021, Plaintiff filed a "cross" motion for summary judgment. *See* (Doc. 38).

Shortly after Plaintiff filed his cross motion for summary judgment, Defendants filed on March 3, 2021, "Defendants' Joint Motion to Stay Proceedings Pending Outcome of Defendants' Respective Motions to Dismiss [Doc. Nos. 14 and 36]" (Joint Motion to Stay). *See* (Doc. 44). Defendants argued for a stay of the proceedings pending the Court's resolution of the qualified immunity issues raised in the motions to dismiss. The next day, the Court granted the Joint Motion to Stay. *See* (Doc. 45).

Several days later, on March 11, 2021, City Defendants moved the Court to either deny the cross motion for summary judgment without prejudice or extend the time to respond to the cross motion for summary judgment to allow for discovery. *See* (Doc. 50). This motion remains pending.

Next, Plaintiff filed "Plaintiff's Revised Motion and Memorandum for Leave to Amend Pleading" (Motion to Amend) on March 31, 2021. *See* (Docs. 55 and 64). Plaintiff contends

---

[3] The Court notes that although Plaintiff mentions in the Amended Complaint that he filed a New Mexico Tort Claims Act (NMTCA) notice, his claims, Counts I, II, and III, do not mention the NMTCA and are premised on violations of the Fourth Amendment of the United States Constitution. *See* (Doc. 21) at 1 and 2, ¶ 10. Indeed, Section "1983 is a remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1162 n. 9 (10th Cir. 2016). Thus, a liberal reading of the Amended Complaint suggests that Counts I, II, and III are Section 1983 claims and not NMTCA claims.

that the proposed second amended complaint will address the qualified immunity issues raised in the motions to dismiss, thus making those motions to dismiss moot. Defendants did not respond to the Motion to Amend due to the stay of proceedings. *See* (Docs. 54 and 57). Defendants, however, reserved the right to respond to the Motion to Amend. *See id.* In addition, Plaintiff plans to file a revised and amended motion for summary judgment, depending on the outcome of the Motion to Amend. *See* (Doc. 69).

## II. Discussion

The defense of qualified immunity is available to individual defendants named in a Section 1983 action, and "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline,* 519 F.3d 1090, 1092 (10th Cir. 2008) (citation and quotations omitted). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery'...." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted). The Tenth Circuit has made clear that "qualified 'immunity questions [should be resolved] at the earliest possible stage in litigation.'" *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (citation omitted). Hence, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). "Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed." *Silversmith v. Martin*, 2021 WL 1200602, at *2 (D.N.M.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)).

Here, Plaintiff has not demonstrated how discovery will raise a genuine fact issue as to the individual Defendants' claims of qualified immunity. To the contrary, "Plaintiff is adamant that discovery is not required in this case due to video and documentary evidence which is publicly available...." (Doc. 67) at 4. Applying the above principles concerning assertions of qualified immunity, the Court determines that all discovery should be stayed pending the resolution of the motions to dismiss. However, a broad stay of the proceedings is not warranted under those principles. Consequently, the briefing on the Motion to Amend is no longer stayed and shall proceed.

IT IS ORDERED that:

1. Plaintiff's Motion and Memorandum to Lift Defendants' Stay of Proceedings (Doc. 58) is granted in part;

2. the stay of proceedings imposed on March 4, 2021, is lifted partially in that only discovery is stayed pending resolution of the motions to dismiss (Docs. 14 and 36);

3. Defendants must file their response(s) to Plaintiff's Revised Motion and Memorandum for Leave to Amend Pleading (Docs. 55 and 64) no later than 14 days after the entry of this Order Modifying Stay;

4. Plaintiff may file a reply to the response(s) no later than 14 days after Defendants file their response(s); and

5. Plaintiff may file a notice withdrawing his cross motion for summary judgment (Doc. 38) and may file an amended motion for summary judgment as long as it does not violate any scheduling order deadline for filing dispositive motions.

UNITED STATES DISTRICT JUDGE

4