IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL BECERRA,

    Plaintiff,

v.                                                            Civ. No. 20-1260 KG/GJF

THE CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE OFFICERS
DAVID HENRY and WAYNE MCCUMBER,
CIVILIAN POLICE OVERSIGHT AGENCY
INVESTIGATOR ERIN ONEAL,
CIVILIAN POLICE OVERSIGHT AGENCY
EXECUTIVE DIRECTOR EDWARD HARNESS, Esq.,
ALBUQUERQUE POLICE CHIEF MIKE GEIER, and
ALBUQUERQUE CHIEF ADMINISTRATOR OFFICER
SARITA NAIR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the following motions: 1) Plaintiff's Motion Under Fed. R. Civ. P. 59(e), 60(b), 15(a), which is fully and timely briefed (Docs. 81, 82, 84, 86); 2) Plaintiff's Unopposed Emergency Motion to Exceed Page Limits in Connection with Plaintiff's Motions, Memorandums and Exhibits Under Fed. R. Civ. P. 59(e), 60(b), 15(a); and in connection with Plaintiff's Reply in Support of Motions, Memorandums and Ehxibits (sic) Under Fed. R. Civ. P. 59(e), 60(b), 15(a) (Docs. 85, 87, 90)[1]; and, relatedly, 3) Defendants' Joint Motion to Strike Plaintiff's Reply Brief and Presentment of Order [Documents Nos. 86 and 87] (Docs. 88, 89, 95, 97). The Court has considered all of Plaintiff's filings. For the reasons explained herein, the Court denies Plaintiff's Motion (Docs. 81, 82), grants Plaintiff's Motion to Exceed Page Limits (Doc. 85), and denies Defendants' Joint Motion to Strike (Doc. 88).

---

[1] Document 87, entitled Presentment of Order, is a proposed order submitted by Plaintiff. The Court considered this filing but does not construe it as a motion.

The Court previously summarized the salient facts of the case and declines to restate the same herein.[2] *See* (Doc. 79) at 3–4.

Plaintiff asks the Court to reconsider its dismissal without prejudice (Docs. 79, 80) of his claims against all defendants. Plaintiff moves the Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) and, alternatively, for relief from judgment under Rule 60 based on misapplication of the law. (Doc. 82). Plaintiff also seeks leave to file an amended complaint under Rule 15(b).[3] *Id.*

At the outset, Plaintiff suggests that this Court is biased against him and asks the Court to recuse itself. Plaintiff cites no reasonable basis upon which to call into question this Court's impartiality, and the Court itself has no preference or prejudice related to this case. For this reason, Plaintiff's recusal request is denied.

I.   *Motion to Alter or Amend Judgment*

In the first instance, Plaintiff moves the Court to alter or amend its judgment under Rule 59(e), which was timely filed within twenty-eight (28) days of the entry of judgment. Rule 59(e) allows relief "in limited circumstances, including '(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (alterations in original) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

---

[2] To the extent Plaintiff included new or additional factual information in his subsequent filings, those allegations are noted below.

[3] The Court remains cognizant of the standards for construing *pro se* pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff does not assert an intervening change in law. Instead, he appears to argue that he discovered new "evidence," by which he means citation to additional statutes and case law, and that the Court misapprehended his position and/or misapplied the controlling law, resulting in clear error and manifest injustice. *See generally* (Doc. 82).

With respect to Plaintiff's citation to additional authority, the Tenth Circuit has noted that "learning of a new legal theory is not the discovery of new *evidence*" for purposes of Rule 59. *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1118 (10th Cir. 2013) (emphasis in original). For this reason, Plaintiff's discovery or citation to additional—but not new—authority does not provide a basis for relief under Rule 59.

Finally, Plaintiff contends the Court misapprehended his position, but makes no factual or legal argument supporting that contention. To the extent Plaintiff argues the Court misapplied controlling law, Plaintiff's position is unsupported and unpersuasive. For these reasons, the Court denies Plaintiff's Motion under Rule 59.

II.   *Motion for Relief from Judgment*

Next, Plaintiff seeks relief from judgment under Rule 60(b). Rule 60(b) "provides an 'exception to finality' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Obduskey v. Wells Fargo*, 2023 WL 1831128, at *5 (10th Cir. Feb. 9, 2023) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010)). This Rule allows a court to "relieve a party … from a final judgment, order, or proceeding" for these reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic of extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reasons that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quotation marks omitted).

Having considered Plaintiff's filings, the Court sees no sound basis under Rule 60(b) to relieve him from judgment. Plaintiff's Motion is denied.

III.   *Motion to Amend*

The Court previously addressed the standard for considering a motion to amend and explained the reasons why Plaintiff's proposed amended complaint is futile. *See* (Doc. 79). Plaintiff's latest filing (Doc. 81) does nothing to cure these deficiencies. Even if Plaintiff could state a constitutional violation, he cannot show that any purported right was clearly established at the time as would be necessary to overturn a defense of qualified immunity. *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2017). Plaintiff's motion to amend is, therefore, denied.

IV.   *Motion to Exceed Page Limits*

Plaintiff filed an "unopposed" motion to exceed page limits in his reply brief, (Doc. 85), and ultimately submitted a 70-page reply brief, (Doc. 86). The Defendants jointly moved to strike the reply brief on the basis that they never agreed to a 58-page extension of the page limit. (Doc. 88). And while Defendants contend they did not agree to such an extensive extension, they also note that Chief Geier agreed to an extension of up to 25 total pages for the reply and the remaining Defendants did not oppose an extension of pages. *Id.* at 4 n.2.

Plaintiff has a history of filing excessively long documents in this case. However, the Court finds that Defendants suffered no prejudice by Plaintiff's long reply brief. For this reason,

the Court grants Plaintiff's motion to exceed page limits, (Doc. 85), and denies Defendants' motion to strike, (Doc. 88).

V.      *Conclusion*

For these reasons, the Court denies Plaintiff's Motions Under Fed. R. Civ. P. 59(e), 60(b), 15(a), (Docs. 81, 82). Having considered all of Plaintiff's filings, the Court grants Plaintiff's Motion to Exceed Page Limits (Doc. 85). And having considered the filings, the Court also denies Defendants' Joint Motion to Strike (Doc. 88).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE